UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD HERCULSON,

        Plaintiff,

v.                              Case No. 8:11-cv-280-T-33EAJ

PASCO COUNTY JAIL,

        Defendant.

## **O R D E R**

      The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendant pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff is attempting to sue a Florida jail, which is not a proper Defendant.

### **Pasco County Jail Not a Proper Defendant**

      The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (citing Fed.R.Civ.P. 17(b)). Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff. *See Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla.1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); *Shelby v. City*

*of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga.1984) (same); *Avant v. Rice*, 1992 WL 359633 at *6 (M.D. Fla.1992) (unpublished opinion) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office)*; Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill.1979) (same). For claims against a sheriff's department or a county jail, the appropriate defendant is the Sheriff in his official capacity. *See Mitchell v. Untrained*, 421 F.Supp. 886, 888 (N.D. Fla.1976) (referring to Sheriff of Escambia County, Florida as "the Chief Jailer of the Escambia County Jail"); *Avant v. Rice*, *supra; Hobbs v. Holmes County Sheriff's Dep't*, No. 5:04cv82/RH (N.D. Fla.2004), doc. 10, p. 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity."). Based on the foregoing, the Pasco County Jail is not a proper party to this proceeding.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed, without prejudice. The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on February 11, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Richard Herculson